## In re: KITEC PLUMBING SYSTEM PRODUCTS LIABILITY LITIGATION.

### MDL No. 2098.

United States Judicial Panel on Multidistrict Litigation.

Oct. 7, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR.* and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** * Defendants have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Texas. Plaintiffs in the Western District of Texas *Burns* action join the motion and, in the alternative, suggest centralization in the Central District of California. Plaintiff in the Central District of California *Ward* action supports centralization in the Central District of California.

This litigation currently consists of twelve actions listed on Schedule A and pending in nine districts as follows two actions each in the District of Colorado, the Eastern District of Louisiana, and the Western District of Texas; and one action each in the Southern District of Alabama, the Central District of California, the Southern District of Ohio, the Eastern District of Tennessee, the District of Utah, and the Western District of Washington.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve similar factual and legal allegations concerning the allegedly defective nature of the Kitec plumbing system. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Given the wide dispersal of these actions across the country, no forum stands out as a focal point for this litigation. We have selected Judge W. Royal Furgeson, Jr., in the Northern District of Texas as the transferee judge. Judge Furgeson is an experienced judge in a central location with the time and commitment necessary to steer these cases on a fair and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable W. Royal Furgeson, Jr., for coordinated or consolidated pretrial proceedings.

* Judge Furgeson did not participate in the disposition of this matter.

## SCHEDULE A

MDL No. 2098—IN RE: KITEC PLUMBING SYSTEM PRODUCTS LIABILITY LITIGATION

*Southern District of Alabama*

*James Eddins v. IPEX, Inc., et al.,* C.A. No. 1:09–141

*Central District of California*

*Larry Ward v. IPEX, Inc., et al.,* C.A. No. 2:08–6370

*District of Colorado*

*Eugene A. Ehler, et al. v. IPEX, Inc., et al.,* C.A. No. 1:08–2220

*Gil Oetting, et al. v. IPEX, Inc., et al.,* C.A. No. 1:09–560

*Eastern District of Louisiana*

*Jeffrey Eisenman v. IPEX, Inc., et al.,* C.A. No. 2:09–3111

*Todd Covington v. IPEX, Inc., et al.,* C.A. No. 2:09–3133

*Southern District of Ohio*

*Kevin Lykens v. IPEX, Inc., et al.,* C.A. No. 2:09–220

*Eastern District of Tennessee*

*Robert M. Nelson v. IPEX, Inc., et al.,* C.A. No. 1:09–64

*Western District of Texas*

*Ulrich Waldburger, et al. v. IPEX, Inc., et al.,* C.A. No. 1:09–195

*Melvin Burns, et al. v. IPEX, Inc., et al.,* C.A. No. 5:08–640

*District of Utah*

*Kelly Moysh v. IPEX, Inc., et al.,* C.A. No. 2:09–230

---

\* Judge Heyburn took no part in the disposition of this matter.

1. The parties have notified the Panel of two recently filed actions, one action each in the

*Western District of Washington*

*John Fliss v. IPEX, Inc., et al.,* C.A. No. 2:08–1719